IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Z.F., et al.,                    )
                                 )
           Plaintiffs,           )   2:08-cv-00855-GEB-JFM
                                 )
     v.                          )   ORDER
                                 )
RIPON UNIFIED SCHOOL DISTRICT,   )
et al.,                          )
                                 )
           Defendants.           )
                                 )
```

        Pending are eight motions to dismiss all of Plaintiffs' claims. The motions are filed as docket numbers 18, 20, 23, 25, 33, 37, 47, and 50.[1] Oral argument was held October 27, 2008.

        Plaintiffs are seven minors diagnosed with an Autistic Spectrum Disorder (a.k.a., "autism") and their parents. Plaintiffs have sued several Defendants, including local school districts, county offices of education, Special Education Local Plan Areas ("SELPAs"), a regional center, state agencies, state agency directors, a presiding

---

[1] A motion to dismiss was also filed by Defendants Tracy Unified School District ("TUSD"), TUSD Board of Education, James Franco, and Nancy Hopple. (Dkt. No. 28.) However, on October 7, 2008 Plaintiffs E.F., M.Y.F., and A.F. voluntarily dismissed all claims against these Defendants with prejudice and "withdr[e]w from the class action as plaintiffs". (Dkt. No. 53.)

1

Administrative Law Judge, and local school officials and superintendents.  Plaintiffs allege "Defendants have implemented a system under [the Early Intensive Behavior Treatment Program, Procedures, and Guidelines (the 'EIBT PPG')] which has unlawfully restricted access to intensive [Applied Behavior Analysis ('ABA')] services for Plaintiffs, as well as those similarly situated, in contravention of federal and state law."  (Compl. ¶ 62.)  Plaintiffs allege this system has eligibility criteria and a referral process that denies children with autism the most effective treatment. (Compl. ¶ 12 n.3 & ¶ 16.)  Plaintiffs allege as federal claims violations of the Individuals with Disabilities Education Act ("IDEA"), § 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, and 42 U.S.C. § 1983; and several state claims.

Defendants argue Plaintiffs' federal claims should be dismissed because Plaintiffs have failed to exhaust administrative remedies under the IDEA.  "The dispositive question generally [on whether Plaintiffs have to exhaust applicable administrative remedies under the IDEA] is whether the plaintiff[s] [have] alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies. If so, exhaustion of those remedies is required.  If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary.  Where the IDEA's ability to remedy a particular injury is unclear, exhaustion should be required to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem."  Robb v. Bethel School Dist. No. 403, 308 F.3d 1047, 1050 (9th Cir. 2002).

/ / /
/ / /

1    Plaintiffs argue the exhaustion requirement is satisfied, or
2 alternatively, is not required because any attempt at exhaustion would
3 be futile or inadequate.

4    The IDEA mandates that administrative hearings be
     conducted by officers who possess knowledge of
5    relevant education law, and are capable of
     conducting hearings and rendering decisions "in
6    accordance with appropriate, standard legal
     practice." To that end, California's
7    administrative hearings must be conducted by "a
     hearing officer knowledgeable in administrative
8    hearings and under contract with the State
     Department of Education." A decision resulting
9    from the due process hearing "shall be final,"
     except that "[a]ny party aggrieved by the findings
10   and decision . . . shall have the right to bring a
     civil action with respect to the complaint
11   presented pursuant to this section, which action
     may be brought in any State court of competent
12   jurisdiction or in a district court of the United
     States."
13
14 Kutasi v. Las Virgenes Unified School Dist., 494 F.3d 1162, 1166 (9th
15 2007) (quoting 20 U.S.C. §§ 1415 (f)(3)(A), (i)(1)(A), (i)(2)(A); Cal.
16 Code Regs. tit. v, § 3082 & citing Cal. Educ. Code § 56505 (k)). The
17 IDEA's exhaustion requirement applies to any civil action brought by a
18 plaintiff under "the Constitution, the Americans with Disabilities
19 Act, title V of the Rehabilitation Act or other Federal laws
20 protecting the rights of children with disabilities" that "seek[s]
21 relief that is also available under" the IDEA. 20 U.S.C. § 1415 (l).
22 However, "[t]he [IDEA's] exhaustion requirement is not . . . a rigid
23 one. Plaintiffs need not seek [an IDEA administrative] due process
24 hearing where resort to the administrative process would either be
25 futile or inadequate. But a party that alleges futility or inadequacy
26 of IDEA administrative procedures bears the burden of proof." Kutasi,
27 494 F.3d at 1168 (internal quotes and citation omitted).
28 / / /

Plaintiffs argue Plaintiffs Z.F., J.H., L.H., and A.N. exhausted administrative remedies on November 9, 2007 when they filed a joint request for a due process hearing with the Office of Administrative Hearings ("OAH"), "the government body responsible for conducting independent hearings [under the IDEA] pursuant to the California Administrative Procedure Act," in which Plaintiffs challenged the legality of the EIBT PPG. (Compl. ¶¶ 30, 66; CDE Defs.' Request for Judicial Notice Exh. 2.) Plaintiffs allege that OAH refused to open a joint case "and requested that the cases be re-filed individually." (Compl. ¶ 67.) Plaintiffs failed to comply with OAH's request and sent a letter to Administrative Law Judge Sherianne Laba in which Plaintiffs' counsel "requested that OAH open the [joint] complaint or provide a written decision stating why [the joint case] was dismissed." (Compl. ¶ 68.) Presiding Administrative Law Judge Laba responded in a letter dated January 22, 2008, written on "Office of Administrative Hearing" letterhead, that she did not timely receive Plaintiffs' letter due to support staff's error and as follows:

> after a thorough analysis of [Plaintiffs' counsel's] six client's [sic] issues and after conducting in-depth research, the Office of Administrative Hearing (OAH) will not file an order regarding whether or not this case is opened. Rather, we write to inform [Plaintiffs' counsel] that OAH will not handle this matter [as a joint case because] each student must have a closed and confidential individual complaint. Despite the assurances of waiving the confidentiality of each individual client, OAH cannot hear six different students' cases against eleven different defendants because of the confidentiality requirement in the IDEA. The IDEA requires that the due process complaint remain confidential. The IDEA does not provide the same exceptions to waiving confidentiality as those afforded by the State Bar of California. In addition, OAH has no assurance that all eleven different respondents waive their confidentiality in respect to a consolidated plaintiff. Therefore, each individual due process case must

4

>
> remain confidential, which cannot be provided in a consolidated case of this manner.
>
> . . .
>
> In researching whether there is any case law that would allow [Plaintiffs' counsel's] filing, I have not found that there is any support. According to [Plaintiffs'] amended due process complaint filed on November 13, footnote 2[,] [Plaintiffs' counsel] listed three cases as legal support for allowing a systematic violation to be heard by OAH. However, none of these cases support that contention.
>
> . . .
>
> In the Amended Due Process Complaint, footnote 1, [Plaintiffs' counsel] point[s] out that there is no statute or case law "to the contrary" that would eliminate the ability for this case to proceed as a joint due process complaint. In fact . . . all case law regarding this matter emphasizes the requirement to have an "individualized" determination of the unique needs of an individual plaintiff. In addition, cases that have significantly different factual differences and students with personalized unique needs cannot be consolidated into one case.
>
> . . .
>
> We understand that each respective plaintiff has a right to receive due process and have their case tried on the merits. Therefore, [Plaintiffs' counsel] may elect to file a separate complaint for each of the identified students. While OAH cannot open [Plaintiffs'] complaint as filed, this does not preclude [Plaintiffs' counsel] from filing a complaint with California Department of Education (CDE) for systematic compliance issues or pursuing [Plaintiffs'] claims as class action in District Court following the rules of Federal Procedure.
>
> In conclusion, OAH cannot open the matter as submitted as this would eliminate the fundamental purpose of the IDEA, that each case be "individualized" and would thwart the intention of Congress in providing [free appropriate public education ("FAPE")] to each child based on their unique needs.

(CDE Defs.' Request for Judicial Notice Exh. 3.)

1     Defendants argue the joint case Plaintiffs Z.F., L.H., J.H.,
2 and A.N. sought to have OAH open fails to exhaust administrative
3 remedies because the joint case did not comply with OAH's procedural
4 rules, and each of these Plaintiffs elected not to pursue a separate
5 case. Plaintiffs have not shown that Z.F., L.H., J.H., and A.N.'s
6 proposed joint case exhausted administrative remedies.
7     Plaintiffs also argue Plaintiffs L.H. and J.H. exhausted
8 administrative remedies by individual administrative cases filed with
9 OAH on March 17, 2008. L.H. and J.H. alleged in those cases that
10 Defendants Modesto City Schools ("MCS"), MCS SELPA, and Valley
11 Mountain Regional Center ("VMRC") failed to provide each of them with
12 a FAPE since they were denied access to intensive ABA services based
13 on criteria in the EIBT PPG. (MCS Defs.' Request for Judicial Notice
14 Exhs. 1, 2.) OAH issued a decision in the case of J.H. on August 28,
15 2008, and a corrected decision in the case of L.H. on September 12,
16 2008. (Pls.' Request for Judicial Notice Exhs. A, B.) In both cases,
17 two issues before OAH were: did MCS procedurally violate the IDEA by
18 refusing to discuss the possibility of placing the child in intensive
19 ABA services, and did MCS substantively violate the IDEA by failing to
20 place the child in intensive ABA services. OAH found that each child
21 prevailed on the procedural issue, and therefore, "it [was]
22 unnecessary to address" the substantive issue. (Pls.' Request for
23 Judicial Notice Exh. A ¶¶ 28, 34; Pls.' Request for Judicial Notice
24 Exh. B ¶¶ 7,11.)
25     Defendants argue L.H. and J.H.'s administrative remedies
26 have not been exhausted because under 20 U.S.C. § 1415 (i)(2) MCS and
27 MCS SELPA have until the end of November 2008 to appeal OAH's decision
28 by filing a civil action. Even if MCS and MCS SELPA decide not to

appeal, L.H. and J.H. are the prevailing parties on the procedural issue, and the substantive issue was not reached and may not be reached by OAH unless the issue is brought before OAH again.

Plaintiffs also argue Z.F. exhausted administrative remedies through his settlement agreement reached on June 6, 2008. In the Z.F. OAH case, OAH issued an Order on February 19, 2008, in which OAH granted and denied in part the respondents' motion to dismiss Z.F.'s administrative case and found that OAH had "jurisdiction to determine if the [EIBT PPG] . . . denied a student a FAPE." (Pls.' Request for Judicial Notice Exh. F.) However, Z.F. entered into the settlement agreement before OAH decided his case. The settlement agreement states the respondents to the administrative case "are generally aware that [Z.F.] and his parents are named plaintiffs in a pending class action in federal court and acknowledge that this settlement does not settle the claims asserted in the federal action, to the extent that the federal claims rely on a different cause of action and seek relief that is not available at OAH or under IDEA, or is not compensable at OAH or under IDEA." (Ripon Defs.' Request for Judicial Notice Exh. A.)

Defendants rejoin since Z.F.'s settlement agreement withdrew his OAH case, Z.F. has not exhausted administrative remedies. Plaintiffs have not shown that Z.F.'s settlement and his withdrawal of his OAH case, satisfies the IDEA administrative remedy exhaustion requirement. Banks ex rel. Banks v. Modesto City Schools Dist., No. CVF046284, 2005 WL 2233213, at *8 (E.D. Cal. Sept. 9, 2005) (holding in a similar circumstance that a settlement agreement which was not approved by an administrative law judge did not constitute exhaustion); Wooley v. Valley Center-Pauma Unified Sch. Dist., No.

07cv0675, 2007 WL 2023525, at *2 (S.D. Cal. July 11, 2007)("Plaintiffs have not exhausted their administrative remedies because they withdrew their due process request.").

Since Plaintiffs have not shown that a single Plaintiff has exhausted IDEA administrative remedies, they fail to show they are "entitle[d] . . . to bypass the IDEA's administrative procedures. Administrative remedies are not inadequate simply because a large class of plaintiffs is involved.  The legislative history does suggest that the IDEA's exhaustion requirement applies differently to class actions than to suits brought by individuals, inasmuch as *each* class member need not exhaust before a suit is brought.  We do not read this legislative history to suggest that exhaustion is excused for *every* class member, however." Hoeft v. Tucson Unified School Dist.,967 F.2d 1298, 1309 (9th Cir. 1992).  Here, "none of the named plaintiffs has . . . exhausted[] administrative review of [an] individualized [case]."  Id.  "[I]ndividual administrative determinations would alert the state to local compliance problems and further correction of any problems on a state-local level."  Id.  "[E]ven though claims are of a 'sweeping nature,' resolving 'a few representative claims' at the administrative level would highlight compliance problems and allow [the] state to take remedial action."  Id. (citing Ass'n for Retarded Citizens of Ala., Inc. v. Teague, 830 F.2d 158, 161-62 (11th Cir. 1987)).  Accordingly, Plaintiffs "have not met an important prerequisite for class-wide judicial intervention."  Id.

Plaintiffs argue alternatively that the administrative remedies are inadequate because OAH cannot provide the relief they seek, namely, injunctive relief, declaratory relief, damages, and fees.  However, Plaintiffs "should not be permitted to opt out of the

1  IDEA [exhaustion requirements] simply by making a demand for money or
2  services the IDEA does not provide." Robb, 308 F.3d at 1050.
3  "Rather, the relevant inquiry is whether the administrative process is
4  adequately equipped to address and resolve the issues presented."
5  Hoeft, 967 F.2d at 1309.  The relief the plaintiffs sought in Hoeft
6  included an injunction requiring the school district "to develop
7  'appropriate criteria . . . for evaluating each child's need for
8  [services]' [and] to afford parents all the procedural rights to which
9  they [were] entitled under the IDEA," yet the Ninth Circuit stated
10 "[t]he issues in [Hoeft] consist[ed] primarily of questions of
11 substantive educational policy, issues which the administrative
12 process was specifically designed to address.  Moreover, even though
13 injunctive relief is unavailable, the administrative process has the
14 potential for producing the very result plaintiffs seek, namely,
15 statutory compliance." Hoeft, 967 F.2d at 1302, 1309.  Accordingly,
16 Plaintiffs have not shown that IDEA administrative remedies are
17 inadequate.
18          Plaintiffs further argue that the administrative process is
19 inadequate because OAH lacks jurisdiction over VMRC.  OAH dismissed
20 VMRC from L.H. and J.H.'s respective administrative cases, finding
21 that it lacked jurisdiction over VMRC because VMRC "is not a local
22 education agency responsible for providing a [FAPE under the IDEA]
23 . . . and [the administrative process concerning claims against VMRC]
24 is governed by the Lanterman Act, which provides a separate appeals
25 process."  (Pls.' Request for Judicial Notice Exhs. C, D.).  However,
26 Plaintiffs have not shown that it would be appropriate "for a federal
27 court to short-circuit the local school district's administrative
28 process based on the possibility that some residue of the harm

9

1  [Plaintiffs] allegedly suffered [because of VMRC's action] may not be
2  fully remedied by the services Congress specified in the IDEA." Robb,
3  308 F.3d at 1050.
4      Plaintiffs also argue Z.F. and others (not specified in
5  Plaintiffs' Complaint) submitted a complaint to CDE in December 2005
6  which serves as a substitute for the IDEA exhaustion requirement
7  because the type of EIBT PPG policies which are challenged in the CDE
8  complaint and in the instant federal action can be challenged without
9  exhausting IDEA administrative remedies.  The complaint submitted to
10 CDE was against Defendants Ripon Unified School District ("RUSD") and
11 Leo Zuber, the superintendent of RUSD at that time.  (Compl. ¶¶ 71,
12 72.)  The CDE complaint alleged that the EIBT PPG contains a parental
13 signature requirement in order to receive intensive ABA services;
14 authorizes "eligibility [for intensive ABA services] [to be] based on
15 [criteria other than] the individual student's assessed needs and []
16 placement/services [to be] determined [outside of] the IEP . . .
17 team"; requires students to be diagnosed through VMRC's diagnostic
18 center; and authorizes removal of students "from their placements [in
19 intensive ABA services] without prior parental consent".  (CDE
20 Defendants' Request for Judicial Notice Exh. 1.)  CDE issued its
21 report on Plaintiffs' complaint on June 15, 2006, finding "[a]
22 thorough review of the [EIBT PPG] indicates that parent participation
23 in program design and implementation of the EIBT program/services, is
24 ensured by the [School] District through the IEP . . . process [and
25 that t]he [EIBT PPG] requires that all decisions are made by the IEP
26 . . . team and based on the child's unique needs."  (Compl. ¶ 74; CDE
27 Defs.' Request for Judicial Notice Exh. 1.)  Plaintiffs also add in
28 the instant federal action allegations that the EIBT PPG "creates a

10

1 system of waiting lists for students which denies them access to a
2 continuum of placements" and "allows for assessments of children
3 without the consent of their parents."  (Compl. ¶ 62.)
4       The policies challenged in Plaintiffs' federal Complaint,
5 which includes the claims submitted to CDE, are "the kind of technical
6 questions of educational policy best resolved with the benefit of
7 agency expertise and a fully developed administrative record."  Hoeft,
8 967 F.2d at 1305 (citations omitted).  Therefore, Plaintiffs' CDE
9 complaint does not satisfy the IDEA exhaustion requirement.
10       Since Plaintiffs have alleged injuries in their federal
11 Complaint "that could be redressed to some degree by the IDEA's
12 administrative procedures and remedies," Plaintiffs are required to
13 exhaust those administrative remedies.  Robb, 308 F.3d at 1053-54.
14       Defendants OAH and Judge Laba also argue they are absolutely
15 immune from suit for Plaintiffs' § 1983 procedural due process claim.
16 Plaintiffs counter that OAH and Judge Laba are not immune because
17 Judge Laba's failure to take formal action on Plaintiffs' joint
18 administrative case was "in clear absence of all jurisdiction," citing
19 Stump v. Sparkman, 435 U.S. 349, 356-57, 360 (1978).  However, what
20 Plaintiffs challenge are judicial functions for which Defendants OAH
21 and Judge Laba are absolutely immune.  Ashelman v. Pope,793 F.2d 1072,
22 1075 (9th Cir. 1986)("Judges and those performing judge-like functions
23 are absolutely immune from damage liability for acts performed in
24 their official capacities.").  Therefore, Plaintiffs' § 1983
25 procedural due process claim against these Defendants is dismissed.
26       Defendants California Department of Education ("CDE") and
27 Jack O'Connell (Chief of CDE) also seek dismissal of Plaintiffs'
28

§ 1983 procedural due process claim in which Plaintiffs seek to hold them liable for OAH's failure to allow Plaintiffs Z.F., L.H., J.H., and A.N.'s joint claim. CDE argues it fulfilled its statutory responsibility by contracting with OAH to hear administrative cases. Plaintiffs disagree, arguing CDE failed to ensure that OAH provided a hearing to Plaintiffs, relying on Kerr Center Parents Association v. Charles, 897 F.2d 1463, 1472 (9th Cir. 1990), a case in which the Ninth Circuit held that a state educational agency was responsible for ensuring that adequate funds were provided to support services under the IDEA because a state statute expressly provided that the state educational agency was "responsible for the cost" of providing services. Since 20 U.S.C. § 1415 (g) prescribes that OAH "make[s] an independent decision" on each administrative case, and Plaintiffs have not shown that CDE was responsible under the IDEA statutory scheme for correcting OAH's alleged erroneous decision to open a joint case for Plaintiffs Z.F., J.H., L.H. and A.N., Plaintiffs have failed to state an actionable § 1983 procedural due process claim against CDE and O'Connell. Therefore, this claim is dismissed.

Plaintiffs conceded during oral argument that their state claims under the California Constitution, the California Unruh Civil Rights Act and California Government Code § 11135, should be dismissed against all Defendants, except VMRC, Richard Jacobs (director of VMRC), and Tara Sisemore-Hester (coordinator of autism services for VMRC), due to Eleventh Amendment immunity; therefore, those claims are dismissed. Further, since Plaintiffs have failed to exhaust IDEA administrative remedies, Plaintiffs' remaining federal claims are dismissed. Lastly, the Court declines to continue exercising supplemental jurisdiction over Plaintiffs' remaining state claims

against VMRC, Jacobs, and Sisemore-Hester; therefore, those claims are dismissed under 28 U.S.C. § 1367(c)(3).  The Clerk of the Court shall close this action.

Dated:  November 7, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge